**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY JAMES PACK,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 19-503** |
| | : | |
| **THOR MOTOR COACH** | : | |

**MEMORANDUM**

**KEARNEY, J.**                                                                                    **April 19, 2019**

Buyers of a recreational vehicle which required a half dozen repairs in its first year may be justifiably disappointed in their six-figure investment. But to proceed in this federal court under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, they must allege an underlying breach of an identified warranty. Conclusory allegations presuming we agree six repair visits breaches an undefined warranty is not a stand-alone federal claim. They need to plead the underlying breach of warranties. To proceed under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, they must plead specific fraud conduct upon which they relied, as the Lemon Law does not apply to their purchase. The buyers failed to plead the necessary facts. In the accompanying Order, we grant the seller's motion to dismiss but grant the buyers leave to amend to plead facts which may state a claim.

**I.     Plead facts**

Thor Motor Coach manufactures recreational vehicles. On March 20, 2017, Pennsylvanians James and Katherine Pack purchased a Thor RV in Pennsylvania for $117,869.00.[1] Thor provided "an express 3-year / 36,000 mile warranty" among several other warranties, guarantees, affirmations and undertakings.[2]

Their RV then required six service appointments in less than a year:

- On May 8, 2017, "repair attempts were made to the rear black tank flush not connected, mid black tank leaks, reefer water not hooked up, rear black sensor inoperative, mid black sensor switched with the gray tank, electric cord cover broken, compartment light in the wet bay inoperative, both toilets leaking, and the automatic generator start module not working properly."[3]

- On July 20, 2017, "repair attempts were made to the drop down bunk inoperative at times, outside TV not getting reception, shower leaking, chassis battery cable loose and corroded, bathroom window not closing, water puddling in the compartment behind the rear wheels, right ride bottom ladder mount weld is breaking, A/C not cooling, entry step inoperative, and the LED strip under headlamps inoperative."[4]

- On August 8, 2017, "repair attempts were made to drop down bunk inoperative intermittently, a loose wire under the hood ultimately losing power to the steps, back up camera, cab fans and the radio."[5]

- On August 31, 2017, "repair attempts were made to the generator light staying on, hour meter going up but now not counting hours, wire still loose at the fuse box, and sparks coming from the fuse box area."[6]

- On November 7, 2017, "repair attempts were made to the driver's side front slide not working easily, entry door bottom lock inoperative, passenger side rear compartment door latch sticking, rear cap trim pulling away from side wall, rear slide trim bubbling/warped, driver's side second compartment door latch sticking, compartment door second in front of rear axle latch sticking, bubbling in the floor near the dinette, tear in the floor under the bed, bulge in the front of the bunk room when the slide is out, vertical trim at front cap seam pulling away, radio screen going blank while driving intermittently, the slide seal behind driver's seat coming down, rear black tank flush valve leaking outside at hook up, and the wet bay city water connection leaks at use."[7]

- On February 28, 2018, "repairs attempts were made to the dash radio works without the generator on and the driver's side compartment not staying latched."[8]

The RV continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety.

## II.    Analysis

The Packs sued Thor for violating the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act ("Magnuson-Moss Act") and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("Unfair Trade Practices Act").[9]

Under the Magnuson-Moss Act, the Packs allege they afforded Thor "a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts."[10] Thor failed to comply with the express written warranties, resulting in damages.[11] The Packs claim Thor breached its "contractual and statutory obligations constituting a violation of the Magnuson-Moss Warranty Improvement Act, including but not limited to: breach of express warranties; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; breach of contract; and constitutes Unfair Trade Practice."[12] And because the Thor warranty had not been provided to them until after delivery of the recreational vehicle, the Packs claim its limitation, disclaimers and/or alternative dispute provisions are ineffective.[13]

The Packs also claim Thor violated Pennsylvania's Unfair Trade Practices Act.[14] The Packs argue Pennsylvania Automobile Lemon Law confirms a Lemon Law violation is an Unfair Trade Practices Act violation.[15] They allege Thor violated the Act through several "unfair or deceptive acts or practices" defined in the statute,[16] including:

- Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

- Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;

- Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;

- Making repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing;

- Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.[17]

Thor's "conduct surrounding the sale and servicing of the subject vehicle falls within the aforementioned definitions of 'unfair or deceptive acts or practices.'"[18]

3

Thor moves to dismiss the Packs' complaint.[19] The Packs' allegations are conclusory and, as they fail to plead the warranties at issue, we cannot find a breach of a warranty necessary to proceed on the federal claim. We grant them leave to timely file an amended complaint if they can cure these defects in this Court.

### A. The Packs do not allege a claim under the Magnuson-Moss Act, having failed to plead a state law claim.

Thor argues the Magnuson-Moss Act claim must be dismissed as untimely because of a contractual limitation provision in the New Vehicle Limited Repair or Replace Warranty provided to the Packs.[20] The Warranty provides in relevant part:

> COVERAGE ENDS: 12 months after the first retail owner takes delivery of the motorhome from an authorized dealership OR after the odometer reaches 15,000 miles, whichever occurs first. ANY ACTION FOR BREACH OF THIS 12 MONTH OR 15,000 MILE LIMITED WARRANTY OR ANY IMPLIED WARRANTIES OR FOR REVOCATION OF ACCEPTANCE MUST BE COMMENCED NOT MORE THAN 15 MONTHS AFTER THE BREACH.[21]

Thor attached the New Vehicle Limited Repair or Replace Warranty to its motion to dismiss, which we may consider because it is "integral to or explicitly relied upon in the complaint."[22] The Packs did not attach a warranty, guaranty, affirmation or undertaking to their complaint. Issues of fact exist as to the governing warranties in this matter and the validity of the warranties. We need not address those issues at this time because the Packs cannot allege a Magnuson-Moss Act claim without a state law claim.

The Magnuson-Moss Act provides "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief."[23] Claims stemming from breaches of express or implied

4

warranties under state law depend on those state law claims.[24]  The Magnuson-Moss Act "does not create an independent cause of action from the underlying breach."[25]

The Packs do not allege breach of a specific express or implied warranty under state law. Rather, they bring a standalone Magnuson-Moss Act claim.  The Packs incorporate within the claim a blanket allegation Thor's failure violated the Magnuson-Moss Act as well as undefined express warranties, implied warranties, contract and the Unfair Trade Practices Act.  The Packs then allege a count for Unfair Trade Practices, but the breach of warranty or contract claims necessary for the Magnuson-Moss Act claim are not alleged.  Because the Packs failed to plead a state law claim, and the Magnuson-Moss Warranty Act does not create an independent cause of action, we grant Thor's motion to dismiss the Magnuson-Moss Act claim.

**B.  The Packs fail to plead a claim under the Unfair Trade Practices Act.**

Thor moves to dismiss the Packs' Unfair Trade Practices Act claim arguing the parties are not in privity of contract and the Packs failed to plead fraudulent conduct with required particularity.[26]

The Unfair Trade Practices Act creates a private right of action for consumers harmed by unfair methods of competition or deceptive business practices.[27]  To establish a claim, the Packs must show (1) they purchased goods primarily for a personal, family, or household purpose; (2) they suffered an ascertainable loss; and (3) the loss resulted from a method, act, or practice declared unlawful by the Unfair Trade Practices Act.[28]  Our Court of Appeals requires proof of justifiable reliance in alleging a violation under any section of the Unfair Trade Practices Act.[29]

The Packs argue Thor's conduct falls under five of the statutorily-specified unfair or deceptive acts or practices, including the catchall provision, "[e]ngaging in any other fraudulent

or deceptive conduct which creates a likelihood of confusion or of misunderstanding."[30] But the Packs do not plead facts other than listing the "repair attempts" made to their vehicle.[31]

They do not allege facts showing Thor represented the vehicle to be of a particular standard, quality or grade different from what it actually is. They do not allege facts showing Thor knowingly misrepresented services, replacements or repairs had been needed when they had not. They do not allege facts showing Thor made repairs, improvement or replacements on the vehicle of a quality below the standard agreed to in writing. They do not allege facts showing Thor engaged in other fraudulent or deceptive conduct creating a likelihood of confusion or misunderstanding. Assuming we concluded the Packs allege facts showing Thor failed to comply with the undefined terms of a written guarantee or warranty, their Unfair Trade Practices claim would still fail because they did not allege justifiable reliance on Thor's acts which resulted in the damages suffered.[32]

The Lemon Law violations as *per se* violations of the Unfair Trade Practices Act have no relevance because the Lemon Law expressly excludes recreational vehicles, or motor homes, from its definition of "new motor vehicle."[33]

The Packs fail to sufficiently plead a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law. We grant Thor's motion to dismiss the Pack's claim under the Unfair Trade Practices Act.

**III.    Conclusion**

In the accompanying order, we grant Thor's motion to dismiss without prejudice to allow the Packs leave to timely amend consistent with Fed. R. Civ. P. 11.

[1] ECF Doc. No. 1 at ¶ 5.

[2] *Id.* at ¶ 8-10.

[3] *Id.* at ¶ 12.

[4] *Id.* at ¶ 13.

[5] *Id.* at ¶ 14.

[6] *Id.* at ¶ 15.

[7] *Id.* at ¶ 16.

[8] *Id.* at ¶ 17.

[9] *Id.* at 5-9. *See* 15 U.S.C. § 2301, *et seq.*; 73 P.S. § 201-1 *et seq.*

[10] ECF Doc. No. 1 at ¶ 29.

[11] *Id.* at ¶ 30.

[12] *Id.* at ¶ 31.

[13] *Id.* at ¶ 32-34.

[14] *Id.* at 7-9.

[15] *Id.* at ¶ 40.

[16] *See* 73 P.S. § 201-2(4).

[17] ECF Doc. No. 1 at ¶ 41. The Packs mistakenly cite 73 P.S. § 201-2(4)(xxi), "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding," as 73 P.S. § 201-2(4)(xvii). *Id.* To the extent the Packs intended to allege 73 P.S. § 201-2(4)(xvii), concerning telephone solicitations, the subsection is not relevant.

[18] ECF Doc. No. 1 at ¶ 43.

[19] *See* ECF Doc. No. 3. To survive dismissal, the Packs must allege enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556)). Although we accept the complaint's allegations as true and draw reasonable inferences, we

"are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). We apply a three-step analysis in considering the sufficiency of a complaint: (1) the court "must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 131-32 (3d Cir. 2017) (citing *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016)).

[20] ECF Doc. No. 3 at 8-10.

[21] ECF Doc. No. 3-1 at 55-58.

[22] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *Id.* (citing *Angelastro v. Prudential-Bache Secur.*, 764 F.2d 939, 944 (3d Cir. 1985)).

[23] 15 U.S.C. § 2310(d)(1).

[24] *Cooper v. Samsung Elecs. Am., Inc.*, No. 07-3853, 2008 WL 4513924, at *6 (D.N.J. Sept. 30, 2008), *aff'd*, 374 F. App'x 250, 254 (3d Cir. 2010); *see Livingston v. Trane Inc.*, No. 17-6480, 2019 WL 397982, at *3 (D.N.J. Jan. 31, 2019); *Fleisher v. Fiber Composites, LLC*, No. 12-1326, 2012 WL 5381381, at *8 (E.D. Pa. Nov. 2, 2012).

[25] *Hanreck v. Winnebago Indus.*, No. 16-1163, 2019 WL 1383509, at *4 (M.D. Pa. Mar. 27, 2019).

[26] ECF Doc. No. 3 at 10-11.

[27] *See* 73 P.S. § 201–9.2(a).

[28] *Baynes v. George Mason Funeral Home, Inc.*, No. 09-153, 2011 WL 2181469, at *4 (W.D. Pa. June 2, 2011).

[29] *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d. Cir 2012) (citing *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221, 224 (3d Cir. 2008)).

[30] 73 P.S. § 201-2(4).

[31] *See* ECF Doc. No. 1 at ¶ 12-17.

[32] *See Smith*, 506 F. App'x at 137 (affirming dismissal of the Unfair Trade Practices claim because plaintiff failed to allege actions based on defendant's conduct).

[33] 73 P.S. § 1952; *See Hanreck*, 2019 WL 1383509, at *13 (citing 73 P.S. § 201–9.2(a)).