# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JAMES PACK, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-503 |
| | : | |
| THOR MOTOR COACH | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                                       June 24, 2019

      Anthony James Pack and Katherine E. Pack purchased a recreational vehicle which required at least six repair visits within a year of purchase. They are disappointed in their six-figure investment. They sued the manufacturer, Thor Motor Coach, seeking damages to remedy this disappointment under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act and Pennsylvania's Unfair Trade Practice and Consumer Protection Law. After we dismissed their first attempt at pleading a claim, they amended their Complaint to attach a warranty and added a claim under Pennsylvania's Uniform Commercial Code. As it did earlier, Thor Motor Coach argues the Packs cannot state a claim based on the statute of limitations and failure to plead deceptive conduct under the Unfair Trade Practice Act. We agree with Thor Motor Coach in part as the Packs did not plead facts to support all of the claims of deceptive conduct under the Unfair Trade Practice Act. But there are significant arguments as to the timeliness of the warranty-based claims requiring discovery and the Packs added two allegations which state a limited claim under the Unfair Trade Practice Law. We grant in part and deny in part Thor Motor Coach's motion to dismiss in the accompanying Order.

I.      **Alleged Facts**[1]

On March 20, 2017, the Packs purchased a new 2017 Challenger 37TB recreational vehicle ("RV") manufactured and warranted by Thor Motor Coach for $117,869.[2] The Packs, Pennsylvania residents, purchased the RV in Pennsylvania but we do not know Thor Motor Coach's citizenship.[3] The Packs allege the "parties' bargain includes an express limited warranty as well as other guarantees, affirmations and undertakings"[4] contained in Thor Motor Coach's "warranty materials and owner's manual" which the Packs attach to their Amended Complaint ("Limited Warranty").[5] The Packs allege Thor Motor Coach did not provide them with the Limited Warranty until after delivery of the RV, making any "limitations, disclaimers and/or alternative dispute provisions ineffective for a failure of consideration."[6]

### *Warranties for the RV.*

The Packs allege Thor Motor Coach issued "several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications" in consideration for the RV's purchase.[7] The Limited Warranty contains an express limited warranty covering "those components, assemblies and systems of your new motor home not excluded under the section 'What is Not Covered', when sold by an authorized dealer."[8]

The RV is covered under Limited Warranty for "twelve (12) months after you first take delivery of the motor home from an authorized dealership or after the odometer reaches 15,000 miles, whichever occurs first."[9] Thor Motor Coach's "sole and exclusive obligation is to repair and/or replace, at its option, any covered defect if (1) [the Packs] notify [Thor Motor Coach] or one of its authorized servicing dealers of the defect, which is discovered within the warranty coverage period, within ten (10) days of discovery the defect, and (2) [the Packs] deliver [their]

2

Motor home to [Thor Motor Coach] or [its] authorized servicing dealer at [the Packs'] cost and expense."[10] Implied warranties of merchantability and fitness for a particular purpose are limited to the terms of the limited warranty in duration and scope.[11]

### *Limitations period to enforce the warranties.*

The Limited Warranty attached to the Amended Complaint contains a section entitled "Legal Remedies" providing "any action to enforce this limited warranty or any implied warranties shall not be commenced more than 90 days after the expiration of the warranty coverage period designated above" and is stamped "Julian Date: 101510."[12]

Thor Motor Coach attaches a different warranty to its motion to dismiss. Its attached warranty provides "Coverage Ends: 12 months after the first retail owner first takes delivery of the motorhome from an authorized dealership OR after the odometer reaches 15,000 miles, whichever occurs first. Any action for breach of this 12 month or 15,000 mile limited warranty or any implied warranties or for revocation of acceptance must be commenced not more than 15 months after the breach."[13] This warranty is stamped "Julian Date: 06/01/2016."[14]

In the Limited Warranty attached to the Amended Complaint, any legal action must be brought not more than 90 days after the expiration of the warranty coverage period but in the warranty Thor Motor Coach attaches to its motion, a legal action must be brought not more than 15 months "after the breach."[15]

### *Repairs to the RV beginning in May 2017 and continuing.*

Just two months after delivery, the Packs took the RV for the first of its six in-warranty repairs. In all, the RV required six repairs from May 17, 2017 to February 28, 2018, within the 12-month, 15,000 mile warranty period.[16] The Packs allege all six repairs made by Thor Motor Coach's authorized dealers are "ineffective," rendering the RV "substantially impaired, unable to

3

be utilized for its intended purposes, and is worthless to [them]."[17] The Packs attach a repair invoice from July 2, 2018, outside the 12-month warranty period, which they allege shows the RV "continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety …."[18]

The Packs allege they afforded Thor Motor Coach a reasonable number of opportunities to "conform the vehicle to the … express warranties, implied warranties and contracts," but the RV continues to be defective notwithstanding the repairs made.[19] The Packs allege Thor Motor Coach did not properly repair the RV as it is obligated to do under the terms of the Limited Warranty and allege it breached the Limited Warranty "by failing to replace or repair faulty or defective portions of the subject unit per the warranty languaged [sic] cited … [and] [the RV] is still suffering from substantial issue which were prevented [sic] to the Manufacturer during the warranty period."[20]

Presumably mindful of our April 19, 2019 Opinion explaining the Magnuson-Moss Act does not create an independent cause of action without an alleged breach of a specific express or implied warranty under state law, the Packs now allege a claim under the Magnuson-Moss Act for breach of warranty as well as a claim under Pennsylvania's Uniform Commercial Code ("UCC").[21] The Packs repeat verbatim the dismissed claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("Unfair Trade Practices Act").[22]

**II.    Analysis**

Thor Motor Coach now moves to dismiss the Packs' Amended Complaint arguing (1) the Magnuson-Moss Act and UCC claims fail as a matter of law because they are time-barred and (2) the Unfair Trade Practices Act claim lacks the requisite particularity sufficient to allege fraudulent conduct.[23]

4

### A. We deny Thor Motor Coach's motion to dismiss the Magnuson-Moss Act and UCC claims.

Under the Magnuson-Moss Act, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief …."[24] Claims stemming from breaches of express or implied warranties under state law depend on state law claims.[25]

The Packs allege Thor Motor Coach breached the Limited Warranty, as well as the implied warranties of merchantability and fitness for a particular purpose, by "failing to replace or repair faulty or defective portions" of the RV which continues to "suffe[r] from substantial issue[s]" the Packs presented to Thor Motor Coach for repair during the warranty period.[26] The Packs make the identical allegation under its UCC claim.[27]

Thor Motor Coach argues the Packs' breach of warranty claims under the Magnuson-Moss Act and UCC claims fail as a matter of law because they are time-barred by the language of the warranty attached to the motion to dismiss. Under Pennsylvania law, the statute of limitations for a breach of warranty claim is four years "after the cause of action has accrued."[28] Parties may, "by the original agreement … reduce the period of limitation to not less than one year but may not extend it."[29]

The Pennsylvania General Assembly defined a claim for breach of warranty "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. … [and] occurs when tender of delivery is made."[30] The General Assembly carves out an exception: "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have

5

been discovered."³¹  So, ordinarily, a breach of warranty action accrues on the date a seller tenders delivery of goods and an action must be filed within four years of that date "even if the breach is not apparent until after delivery has been tendered."³²  But, the parties may, "by original agreement," reduce the statutorily provided four-year period to not less than one year.

Whatever the limitations period, a cause of action on "warranties that 'explicitly extend to future performance of the goods' where discovery of the breach must await the time of future performance" do not accrue until "the breach is or should have been discovered."³³  The Pennsylvania Supreme Court in *Nationwide Insurance* held an express warranty of "12 months or 12,000 miles, whichever comes first" explicitly extends to future performance and a claim does not accrue until the breach is or should have been discovered.³⁴  Even where the "discovery rule" applies, claims must accrue during the warranty period.³⁵

Thor Motor Coach concedes the Limited Warranty here—12-months or 15,000 miles, whichever occurs first—is a warranty explicitly extended to future performance and the warranty cannot be breached until it is discovered.³⁶

The issue is whether the Packs timely filed their warranty-based claims.  We have at least two warranties shown to us and a variety of repair efforts.  The lack of timely filing is not apparent from the Amended Complaint.  We will know much more after discovery.

As pleaded, we know the Packs purchased and took delivery of the RV on March 20, 2017³⁷; there are two different warranties (one attached to the Packs' Amended Complaint and one attached to the motion to dismiss); the Packs did not receive the warranty, whatever it is, the day they took delivery of the RV on March 20, 2017; and, the Packs took the RV in for repairs on six occasions during the warranty period, even considering two different start dates for the warranty period.

6

Thor Motor Coach asserts the Packs signed a "Registration and Acknowledgment of Receipt of Warranty and Product Information" ("Acknowledgment") on April 5, 2017 and attach the document to its motion to dismiss.[38] The Packs do not attach this document to their Amended Complaint or address it in their response to the motion to dismiss. According to Thor Motor Coach, the Packs signed the Acknowledgment conceding "I understand and agree that any legal action for breach of express or for breach of implied warranties that may arise by operation of law must be filed within ninety (90) days of the expiration of the applicable warranty coverage period as defined within the limited warranty."[39]

Notably, the limitations provision Thor Motor Coach relies on provides an action for breach of warranties "must be commenced not more than 15 months after the breach"; a date that may be different from ninety days after the expiration of the applicable warranty coverage period. And, notably, the sentence preceding the excerpt from the Acknowledgement states "Before I purchased this vehicle, I received, read and agreed to the terms and conditions of Thor Motor Coach's 1 page Limited Warranty, published within its Owner's Manual, and the Chassis Limited Warranty."[40] The "warranty" Thor Motor Coach attaches to its motion is four pages, not one.

The Packs allege Thor Motor Coach did not provide them with the warranty until after delivery of the RV, making its limitations and disclaimers "ineffective for a failure of consideration."[41] Thor Motor Coach implicitly concedes this allegation because, by its own document, the Packs did not sign the Acknowledgment until April 5, 2017, over two weeks after taking delivery of the RV.

Nevertheless, Thor Motor Coach argues the Packs' warranty coverage ended on April 5, 2018, one year after signing the Acknowledgment.[42] According to it, a claim for breach of warranty, express or implied, must have been filed by July 5, 2018, ninety days after April 5,

7

2018.[43] And because the Packs did not file their initial complaint until February 4, 2019, it is untimely.

We reject this argument in its entirety. It presumes the breach accrued on April 5, 2017, the date of the Acknowledgment of receipt of the warranty. But we know under the Pennsylvania Supreme Court's *Nationwide Insurance* decision, the breach did not accrue on April 5, 2017 because the language of the warranty—as Thor Motor Coach concedes—explicitly extends to future performance and could not have been breached until the RV required repair or replacement within the warranty period.

Apparently recognizing the weakness of its argument, Thor Motor Coach argues "even giving" the Packs the benefit of "future performance" of May 8, 2017—the first time the Packs allege they took the RV to be repaired—the time to file legal action expired one year and three months later on August 8, 2018. Thus, Thor argues, the Packs' claims under the UCC and Magnuson-Moss Act are untimely as a matter of law because, again, the Packs did not sue until February 4, 2019.

The Packs respond the Limited Warranty is one of future performance which could not be breached until there is an issue for repair, the Packs took their RV in for repair to an authorized dealer on six occasions within the 12-month, 15,000 mile warranty period—May 8, 2017; July 20, 2017; August 8, 2017; August 31, 2017; November 7, 2017; and February 28, 2018—and the RV continues to have repair issues.[44] The Packs argue "as a point of public policy," we should not allow Thor Motor Coach to limit the time for legal action when they, as consumers, acted in good faith in attempting to have the unit repaired and any other decision would force consumers like them to bring legal action while the RV is being serviced under the warranty.[45]

8

At this stage, we will not dismiss the Magnuson Moss claim as the statute of limitations is not readily discernible from the Amended Complaint. We cannot determine whether the "warranty"—the Limited Warranty attached to the Amended Complaint or the "warranty" attached to the motion to dismiss which appear to be two different documents—purporting to limit the time to file legal action is part of the "original agreement" between the parties. Under Section 2725, the statute of limitations for a breach of contract for sale is four years after the cause of action accrued.[46] The parties may reduce the period of limitation to not less than one year "by the original agreement."[47] The Packs allege they did not receive warranty materials until sometime after the delivery of the RV, and the Acknowledgment form attached by Thor Motor Coach to its motion reflects a date of April 7, 2018, after the Packs purchased, and took delivery of, the RV. Because we cannot determine from the face of the Amended Complaint whether the reduction of the limitations period in whatever warranty applies is part of the "original agreement," we will not dismiss the warranty based claims.[48]

We are also unable to determine when the breach occurred to start the clock on the limitations period. Thor Motor Coach argues the clock started running on May 8, 2017, the first date the Packs brought the RV to an authorized dealer for repair making the time to bring suit expire one year plus three months later, on August 8, 2018.[49] The Packs allege subsequent breaches extend the limitations period, including the latest in-warranty breach on February 28, 2018. Under the warranty Thor Motor Coach attaches to its motion, "any action for breach of this 12 month or 15,000 mile limited warranty or any implied warranty … must be commenced not more than 15 months *after the breach*."[50] If we consider a breach on February 28, 2018—within the warranty period—the limitation period would run 15-months from that date to May 28, 2019 making the Packs' complaint timely even using Thor Motor Coach's calculation. Thor Motor

9

Coach simply concludes the limitation period began to run on May 8, 2017, ignoring the subsequent breaches as alleged by the Packs. If we were to accept Thor Motor Coach's logic, any problem with the RV constituting a breach of warranty, even occurring after the May 8, 2017 breach, would be barred notwithstanding the breaches occurring within the warranty period.

Although neither party raises it, the limitations period may be tolled here under the "repair doctrine." Under Pennsylvania law, a limitations period "will be tolled only where 'evidence reveals that repairs were attempted; representations were made that the repairs would cure the defects; and the plaintiff relied upon such representations.'"[51] The Packs allege they took their RV to an authorized dealer for six "ineffective repair attempts" and attach repair invoices indicating the "correction" made.[52] They allege the RV "continues to exhibit defects and nonconformities" despite invoices showing repairs correcting the problems.[53] The Packs allege they relied on Thor Motor Coach's warranties to repair or replace the RV.[54] We cannot agree with Thor Motor Coach the Packs' Magnuson-Moss Act claim is untimely as a matter of law requiring dismissal.[55]

While Thor Motor Coach's timeliness argument may ultimately succeed, it is more properly raised at the summary judgment stage after fulsome discovery and development of the record. We deny its motion to dismiss the Magnuson-Moss Act and UCC claims based on the application of the statute of limitations as a matter of law.

> **B. We grant in part, and deny in part, Thor Motor Coach's motion to dismiss the Unfair Trade Practices Act claim.**

Thor Motor Coach moves to dismiss the Unfair Trade Practices Act claim arguing the Packs' Amended Complaint continues to suffer from the same infirmities as their original complaint: (1) the claims are based on violations of Pennsylvania's Lemon Law;[56] (2) the

Amended Complaint lacks the requisite particularity "as it continues to only allege sharp business practices in the 'sale and service'" of the RV; (3) any "breach of contract" as a basis for relief relating to a breach of warranty claim under the UCC are time-bared and cannot serve as a factual or legal predicate for an Unfair Trade Practices Act claim;[57] and (4) the Amended Complaint fails to allege fraudulent conduct with requisite particularity.[58]

The Unfair Trade Practices Act prohibits, *inter alia*, "unfair or deceptive acts or practices" in trade or commerce.[59] The Act defines "unfair or deceptive acts or practices"[60] and provides for a private right of action to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful …."[61]

To establish a claim under the Unfair Trade Practices Act for deceptive conduct, a plaintiff must demonstrate "(1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the plaintiff's justifiable reliance caused ascertainable loss."[62] The first element requires a "deceptive act" defined by Section 201-2(4) of the Act. In their original complaint, and again in their Amended Complaint, the Packs allege Thor Motor Coach engaged in "unfair or deceptive acts or practices" prohibited by the Act in Section 201-2(4):[63]

- (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

- (xiv) Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;

- (xv) Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;

11

- (xvi) Making repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing; and

- (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.[64]

Thor Motor Coach argues we must dismiss the Unfair Trade Practices Act claim because, *inter alia*, the Amended Complaint lacks the requisite particularity. The Packs fail to allege facts to support the first element of the claim—deceptive acts under some of the prohibited conduct of Section 201-2(4)—as to three of the five alleged deceptive acts as analyzed below. As to the second element, the Packs plead they "justifiably relied upon [Thor's] express warranties and implied warranties."[65] And as to the third element, the Packs allege they have suffered damages and the RV "continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety …."[66]

### 1. We grant Thor Motor Coach's motion and dismiss all claims based on unfair or deceptive acts under § 201-2(4)(vii), (xv), and (xxi).

Section 201-2(4)(vii) prohibits unfair or deceptive acts or practices "representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." To support their Unfair Trade Practices Act claim under Section 201-2(4)(vii), the Packs argue Thor Motor Coach "mislead and reaffirmed that they were able to fix the subject recreational vehicle under warranty, however, over and over again despite these reassurance[s] the [RV] would continue to have interior water leaks" and "represented that [t]he subject vehicle was repaired to a particular standard and quality at the time of purchase."[67]

While the Packs argue Thor Motor Coach "mislead and reaffirmed that they were able to fix the subject recreational vehicle under warranty," no "misleading" representations" or "reaffirmation" of any statements are alleged anywhere in the Amended Complaint. The Packs

may not amend their complaint in an opposition to a motion to dismiss.[68]

The Packs fail to plead sufficient factual matter, accepted as true, to state a claim to relief plausible on its face, as to "[r]epresenting that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another" under Section 201-2(4)(vii). As analyzed in our April 19, 2019 Memorandum granting Thor Motor Coach's first motion to dismiss, the Packs do not allege facts showing Thor Motor Coach represented the RV to be of a particular standard, quality or grade different from what it actually is.[69] We will dismiss the Unfair Trade Practices Act claim to the extent it is based on any representation under Section 201-2(4)(vii).

We similarly dismiss claims for alleged "unfair or deceptive acts practices" prohibited by § 201-2(4)(xv) and (xxi). Section § 201-2(4)(xv) prohibits "[k]nowingly misrepresenting that services, replacements or repairs are needed if they are not needed." There are no allegations in the Amended Complaint to support a claim based on this subsection, and the Packs appear to have abandoned a claim based on this subsection by failing to address it in their response.

We dismiss the claim based on the "catch-all" provision of Section § 201-(4)(xxi), prohibiting fraudulent or deceptive conduct creating a likelihood of confusion or misunderstanding.[70] As analyzed in our April 19, 2019 Memorandum, the Packs do not allege facts showing Thor Motor Coach engaged in fraudulent or deceptive conduct creating a likelihood of confusion or misunderstanding.[71] The Packs failed to cure this pleading defect in their Amended Complaint and, in any case, appear to have abandoned it by failing to address it in their response.

We dismiss a claim based on any "unfair or deceptive acts or practices" defined by 73 Pa. C.S. § 201-2(4)(vii), (xv), and (xxi). And, for the sake of clarity, we again dismiss any Unfair Trade Practices Act claim based on an alleged violation of Pennsylvania's Lemon Law.

13

## 2. The Packs may proceed on claims based on unfair or deceptive acts under § 201-2(4)(xiv) and (xvi).

Sections 201-2(4)(xiv) and 201-2(4)(xvi) prohibit "[f]ailing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to, or after a contract for the purchase of goods or services is made" and "[m]aking repairs, improvements or replacements on tangible, real or personal property of a nature or quality inferior to or below the standard of that agreed to in writing."

To support their Unfair Trade Practices Act claim based on these deceptive practices, the Packs allege Thor Motor Coach offered an express limited warranty guaranteeing the RV will be serviced at no cost; the RV currently suffers from continued problems not properly repaired under the express limited warranty; the warranty obligates Thor Motor Coach to repair and/or replace any covered defect; Thor Motor Coach failed to replace or repair faulty or defective parts of the RV; and defects continue.[72]

These facts sufficiently allege a deceptive act "likely to deceive a consumer acting reasonably under similar circumstances" for purposes of the first element of an Unfair Trade Practices Act claim. Having concluded the Packs allege justifiable reliance on Thor Motor Coach's warranties and damages, we deny Thor's motion to dismiss Unfair Trade Practices Act claims based on deceptive conduct under Section 201-2(4)(xiv) and (xvi).

## III. Conclusion

In the accompanying Order, we deny Thor Motor Coach's motion to dismiss the Magnuson-Moss Act and Pennsylvania UCC claims. We grant in part and deny in part Thor's motion to dismiss claims under the Unfair Trade Practices Act. We dismiss claims based on deceptive acts as defined by Section 201-2(4)(vii), (xv), and (xxi) and under Pennsylvania's

Lemon Law. We deny Thor Motor Coach's motion to dismiss Unfair Trade Practices Act claims based on deceptive acts defined by Section 201-2(4)(xiv) and (xvi) and will allow discovery on those claims to proceed.

---

[1] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[2] ECF Doc. No. 7 at ¶¶ 5, 7.

[3] *Id.* at ¶ 6. The Packs assert the basis of our jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy exceeding $75,000. *Id.* at ¶ 3. The Packs allege Thor Motor Coach is a corporation "qualified to do and regularly conducts business in the Commonwealth of Pennsylvania, with its address and principal place of business" located in Elkhart, Indiana. *Id.* at ¶ 2. The citizenship of a corporation is the state of its incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). After two attempts to pleading our jurisdiction, the Packs fail to plead Thor Motor Coach's citizenship depriving us an ability to evaluate our diversity subject matter jurisdiction. This pleading failure requires dismissal for lack of diversity jurisdiction but because the Packs also plead a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.,* we have federal question jurisdiction under 28 U.S.C. § 1331.

[4] ECF Doc. No. 7 at ¶ 10.

[5] *See* Exhibit "B" to the Amended Complaint at 16 (ECF Doc. No. 7). All references to page numbers will be to the pagination assigned by the CM/ECF docketing system.

[6] ECF Doc. No. 7 at ¶ 32.

[7] *Id.* at ¶ 8.

[8] ECF Doc. No. 7, Exhibit "B" at 17.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at 19.

[13] ECF Doc. No. 8-1 at 116.

[14] *Id.* at 119.

[15] *Compare* ECF Doc. No. 8-1 at 116-119 *with* ECF Doc. No. 9-1 at 18-20.

[16] ECF Doc. No. 7 at ¶¶ 12-17.

[17] *Id.* at ¶ 11.

[18] *Id.* at ¶ 18; Exhibit "I" at 59.

[19] ECF Doc. No. 7 at ¶ 29.

[20] *Id.*

[21] *Id.* at ¶¶ 29, 46-51. The Packs fail to allege the UCC section they contend Thor Motor Coach violated. We assume their claims alleging breach of an express warranty and the implied warranties of merchantability and fitness for a particular purpose rely on 15 Pa. C.S.A. §§ 2313 (express warranties), 2314 (implied warranty of merchantability), and 2315 (implied warranty of fitness for particular purpose).

[22] ECF Doc. No. 7 at ¶¶ 36-45. *See* 73 P.S. 201-1, *et seq.*

[23] ECF Doc. No. 8.

[24] 15 U.S.C. § 2310(d)(1).

[25] *Fleisher v. Fiber Composites, LLC*, No. 12-1326, 2012 WL 5381381, at *8 (E.D. Pa. Nov. 2, 2012) (quoting *Johansson v. Cent. Garden & Pet Co.*, 804 F. Supp. 2d 257, 265 (D.N.J. 2011)); *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010).

[26] ECF Doc. No. 7 at ¶ 29.

16

[27] *Id.* at ¶¶ 47, 49.

[28] 13 Pa. C.S.A. § 2725(a). "The Magnuson Moss Act does not contain a statute of limitations, so courts apply the most analogous state law period—in this case, the four-year statute of limitations in § 2725." *Vullings v. Bryant Heating and Cooling Sys.*, No. 18-3317, 2019 WL 687881, at * 2 (E.D. Pa. Feb. 19, 2019) (citing *Busche v. Monaco Coach Corp.*, No. 06-3801, 2006 WL 3302477, at *5 (E.D. Pa. Nov. 13, 2006); *Lowe v. Volkswagen of Am., Inc.*, 879 F.Supp. 28, 30 (E.D. Pa. 1995)).

[29] 13 Pa. C.S.A. § 2725(a).

[30] *Id.* at § 2725(b).

[31] *Id.*

[32] *Nationwide Ins. Co. v. Gen. Motors Corp.*, 625 A.2d 1172, 1174 (Pa. 1993).

[33] *Id.* at 1175 (quoting 13 Pa. C.S.A. § 2725).

[34] *Id.* at 1175-76.

[35] *Vullings*, 2019 WL 687881 at *2 (citing *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995)).

[36] ECF Doc. No. 8 at 9.

[37] ECF Doc. No. 7 at ¶ 5 and Exhibit "A" at 14 (invoice showing "Proposed Delivery Date" of "3/20/2017").

[38] ECF Doc. No. 8-1 at 121.

[39] ECF Doc. No. 8 at 8; ECF Doc. No. 8-1 at 121.

[40] ECF Doc. No. 8-1 at 121.

[41] ECF Doc. No. 7 at ¶ 32.

[42] It appears Thor Motor Coach concedes the 12-month, 15,000 mile warranty period did not begin to run until April 5, 2017, the date it contends the Packs signed the Acknowledgment and not March 20, 2017 when the Packs purchased the RV.

[43] ECF Doc. No. 8 at 9.

[44] ECF Doc. No. 9 at 8.

⁴⁵ *Id.*

⁴⁶ 13 Pa. C.S.A. § 2725(a).

⁴⁷ *Id.*

⁴⁸ *See Busche*, 2006 WL 3302477 at * 3-*4.

⁴⁹ ECF Doc. No. 8 at 9.

⁵⁰ ECF Doc. No. 8-1 at 116 (emphasis added).

⁵¹ *Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 646 (Pa. Super. 1999) (quoting *Amodeo v. Ryan Homes, Inc.*, 595 A.2d 1232, 1237 (Pa. Super. 1991)).

⁵² ECF Doc. No. 7 at ¶¶ 11-17 and Exhibits "C" through "I" at 25-59.

⁵³ ECF Doc. No. 7 at ¶¶ 18, 29, 49.

⁵⁴ *Id.* at ¶¶ 48, 49.

⁵⁵ *See Hrycay v. Monaco Coach Corp.*, No. 07-2605, 2008 WL 638235, at * 3-*4 (E.D. Pa. Mar. 7, 2008) (denying defendant's motion for summary judgment finding questions of fact on timeliness of breach of warranty claims on a motorhome).

⁵⁶ In our April 19, 2019 memorandum dismissing the Packs' complaint, we found alleged Lemon Law violations as *per se* violations of the Unfair Trade Practices Act are not relevant because recreational vehicles are excluded from Pennsylvania's Lemon Law. *See* ECF Doc. No. 5 at 6. The Packs continue to allege the Lemon Law as a basis of their claims. *See* ECF Doc. No. 7 at ¶¶ 7, 40. To the extent the Packs continue to base an Unfair Trade Practices Act claim on alleged violations of the Lemon Law, we must dismiss it.

⁵⁷ As previously addressed, because we do not presently dismiss the Amended Complaint based on a timeliness argument, we reject Thor Motor Coach's argument here.

⁵⁸ ECF Doc. No. 8 at 9-10.

⁵⁹ 73 P.S. § 201-3.

⁶⁰ *Id.* at § 201-2(4).

⁶¹ *Id.* at § 201-9.2.

⁶² *Hall v. Equifax Info. Serv. LLC*, 204 F. Supp. 3d 807, 810–11 (E.D. Pa. 2016). *See also Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425 425, 438-39 (Pa. 2004) ("To bring a private cause

of action under the [Unfair Trade Practices Act], a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance").

[63] *Compare* ECF Doc. No. 1 at ¶¶ 36-45 *with* ECF Doc. No. 7 at ¶¶ 36-45.

[64] ECF Doc. No. 1 at ¶ 41; ECF Doc. No. 7 at ¶ 41.

[65] ECF Doc. No. 7 at ¶ 28.

[66] *Id.* at ¶¶ 18, 30, 50, 51.

[67] ECF Doc. No. 9 at 9-10.

[68] *Commonwealth of Pa., ex rel. Zimmerman v. PepsiCo., Inc.*, 836 F.3d 173, 181 (3d Cir. 1988).

[69] ECF Doc. No. 5 at 6. We also found alleged Lemon Law violations as *per se* violations of the Unfair Trade Practices Act are not relevant because recreational vehicles are excluded from Pennsylvania's Lemon Law. *Id.* To the extent the Packs continue to base an Unfair Trade Practices Act claim on alleged violations of the Lemon Law, it is dismissed.

[70] *See* ECF Doc. No. 9 at 9-10. The statute's "catch-all" provision prohibits "any … fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi). Under Pennsylvania law, a plaintiff "need not establish common law fraud to prevail on a claim for deceptive conduct under the catch all provision." *McDonough v. State Farm Fire and Cas. Co.*, 365 F. Supp. 3d 552, 562 (E.D. Pa. 2019) (quoting *Shea v. USAA*, No. 17-4455, 2018 WL 3575261, at *11 (E.D. Pa. July 25, 2018)). Because the Packs appear to abandon their claim under the catch-all provision, we need not address Thor Motor Coach's argument the Amended Complaint fails to plead fraud with particularity under Rule 9(b) to support an Unfair Trade Practices Act claim.

[71] ECF Doc. No. 5 at 6.

[72] ECF Doc. No. 7 at ¶¶ 29, 49.

19